Mr. Justice Clayton
delivered the opinion of the court.
This was a suit in the circuit court of Warren county, brought by the defendants in error against the plaintiffs in error, as administrators of G. J. Rapalje, deceased. The action was assumpsit, brought on two open accounts, and a bill of exchange accepted by Steele as administrator. There were three counts in the declaration ; the first, upon the liability of the decedent and upon his promises; the next, upon his liability and the promise of the administrators ; the last, upon their liability and upon their promises.
The principal point presented is, as to the liability of the estate of the decedent, for the dealings and transactions of the administrators touching the estate, after his deaih. It was formerly considered, that an executor was chargeable in his own right, and not in his representative character, whenever an action was brought against him on promises laid, as made by him after the testator’s death. But it seems to be now settled, that an executor may be sued as such, on a promise made by him as executor. A familiar example is where the debt of a testator has been paid after his death, by some third person as surety. It is but just that the person making the payment, should have the right to look to the fund, which the executor *200 holds, and to recover it under a count for money paid to the use of the defendant as executor. 2 Lomax Ex’rs. 272. In many instances, it may be to the advantage of a person to proceed against the assets, rather than against an executor personally, for he may be insolvent, and the estate good. Ibid. An executor is sometimes justified in completing a house commenced by the deceased, or in carrying on his trade for a time. He may be compelled to employ physicians or lawyers for the necessary preservation of the estate; in these instances, it is but reasonable that the creditor should be permitted to proceed against the estate at once in the hands of the executor. If the executor pay them, they will be allowed as credits to him in his account. Peter v. Beverly, 10 Peters; Jackson v. Jackson, 2 Grattan, 150.
Whenever the subject-matter of the action would, when recovered, be assets, the executor may sue in his representative character. Marshall v. Broadhurst, 1 Cr. & Jerv. 405; Cowell v. Watts, 6 East, 405. The converse of the rule, that where the estate is liable, the action may be against the executor in his representative character, seems to follow as a legitimate conclusion. The case of Sims v. Stillwell, 3 How. 181, is in accordance with this view of the subject. The promise of an executor is there said, to bind him personally, unless it clearly appear, that it was made for a debt or liability of the testator. The liability of the estate would produce the same result.
From these principles it follows, that an action against an executor upon a promise made by him as such, when the debt is created after the testator’s death, can only be maintained when it affirmatively appears, that there was a clear and just liability on the part of the estate. The giving of the bill of exchange does not vary the rule.
The instructions of the court below, and the exclusion of the testimony offered to prove that a part of the account was for the individual benefit of the administrators, being opposed to this decision, are erroneous.
The judgment will be reversed and a new trial awarded.
Mr. Chief Justice Sharkey being related to the plaintiffs in error, gave no opinion in the case.